IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INEZ LAMBERT,

    Petitioner,

v.

ROB PAERSSON,

    Respondent.

Civil No. 3:17-cv-00331-BR

OPINION AND ORDER

OLIVER W. LOEWY
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR   972014

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
NICHOLAS M. KALLSTROM
Assistant Attorney General
Oregon Department of Justice
1162 Court Street NE
Salem, OR   97301

    Attorneys for Respondent

BROWN, Senior Judge.

Petitioner, an inmate at the Coffee Creek Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1).

## BACKGROUND

On January 18, 2011, a Multnomah County grand jury indicted Petitioner on six counts of Sodomy in the First Degree, seven counts of Using a Child in a Display of Sexually Explicit Conduct, and six counts of Sexual Abuse in the First Degree. Resp. Exh. 102, pp. 1-3. Pursuant to a plea agreement, on December 2, 2011, the trial court entered a judgment of conviction on two counts of Sodomy in the First Degree and two counts of Using a Child in a Display of Sexually Explicit Conduct. Resp. Exh. 101. The trial judge sentenced Petitioner to a total of 25 years of imprisonment. Resp. Exh. 101.

Petitioner did not file a direct appeal. On November 8, 2012, Petitioner filed a petition for state post-conviction relief ("PCR"). The PCR trial court denied relief. Resp. Exh. 126. Petitioner appealed, but the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Lambert v. Steward*, 276 Or. App. 461, 368 P.3d 85, *rev. denied*, 359 Or. 166, 376 P.3d 281 (2016). The appellate judgment issued on June 3, 2016. Resp. Exh. 132.

On February 28, 2017, Petitioner filed her Petition for Writ of Habeas Corpus in this Court. Petitioner concedes her Petition was untimely. Petitioner argues, however, that the Court should equitably toll the statute of limitations and consider the Petition on its merits. Respondent disagrees, and asks the Court to dismiss the action as untimely.

## LEGAL STANDARDS

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A litigant seeking to invoke equitable tolling must establish: (1) that she has been pursuing her rights diligently; and (2) that some extraordinary circumstance prevented her from timely filing the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to her own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001), *overruled on other grnds by Pliler v. Ford*, 542 U.S. 225, 231 (2004). The petitioner bears the burden of showing that this "extraordinary exclusion" should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The test for equitable tolling "is a very high bar, and is reserved for rare cases." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir.), *cert. denied*, 135 S. Ct. 486 (2014).

Generally, claims for equitable tolling based upon attorney error do not arise to the level of an extraordinary circumstance sufficient to warrant equitable tolling. *See, e.g., Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney negligence in general does not justify equitable tolling); *Holland*, 560 U.S. at 651-52 ("garden variety" negligence does not warrant equitable tolling). "Justice Alito explained his understanding of the logic behind this framework, reasoning that, 'the principal rationale . . . is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control.'" *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014) (quoting *Holland*, 560 U.S. 657 (Alito, J., concurring)), *cert. denied* 135 S. Ct. 1708 (2015). Equitable tolling based upon attorney performance is only appropriate where: (1) an attorney's performance goes beyond error and amounts to "egregious professional misconduct;" or (2) the attorney abandons her client altogether. *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015);

## DISCUSSION

Here, the § 2244(d) limitation period began to run on January 3, 2012, the date that the 30-day time period expired for Petitioner to file a direct appeal.[1] Prior to the expiration of

---

[1] In *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999), the Ninth Circuit held that criminal convictions are not final until the time has elapsed for seeking a writ of *certiorari* in the U.S. Supreme Court. Here, however, Petitioner could not have sought *certiorari* because she did not file a direct appeal. *See* 28 U.S.C. § 1257(a)

4 - OPINION AND ORDER -

the time to appeal her conviction and sentence, Petitioner's family retained attorney Andy Simrin to represent Petitioner. Simrin advised Petitioner to forego a direct appeal in favor of filing a PCR petition.

Prior to filing the state PCR petition, Simrin wrote Petitioner three times advising her of the time limitations for filing a federal habeas petition. On December 12, 2011, Simrin wrote:

> There is a two-year time limit for starting a post-conviction case. If you take an appeal, the two-year time limit would not even start until after your appeal is completed. If you do not take an appeal, then the two-year time limit will have started on the day that the judgment was entered into the register. Although there is a two-year time limit for seeking post-conviction relief, a post-conviction case should be filed as soon as possible and must be filed within the first year in order to preserve your right to subsequently seek federal habeas corpus relief in the event that your post-conviction case is not successful.

(ECF No. 28) Exh. 4. On December 23, 2011, Simrin wrote a letter expanding on this advice:

---

("[f]inal judgments or decrees rendered by *the highest court of a State in which a decision could be had*, may be reviewed by the Supreme Court by a writ of *certiorari*"). Thus, the limitation period began to run when the time to file a direct appeal expired. *See Swantz v. Mills*, Case No. 09-1161-SU, 2010 WL 2608337 (D. Or. May 20, 2010) (where petitioner did not first petition Oregon's appellate courts petitioner was not entitled to additional 90 days under *Bowen*); *see also Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (concluding that where petitioner did not seek review from Arizona's supreme court, his direct appeal was final for the purposes of the limitation period set out at § 2244(d)(1) when his time for seeking review in Arizona's supreme court had expired).

5 - OPINION AND ORDER -

> The judgment in your criminal case was entered into the trial court register on December 2, 2011. That means that you would have until December 1, 2013, to file a petition for post-conviction relief if you decided that is what you want to do. However, if you wish to preserve your right to subsequently seek federal habeas corpus relief in the event that your post-conviction case is not successful, you should file your state post-conviction petition as early as possible and you must file it within the first year after the judgment was entered into the register. If you waited until after the first year to file a petition for post-conviction relief, you would not be able to seek federal habeas corpus relief afterwards.

(ECF No. 28) Exh. 4. Finally, on October 19, 2012, Simrin wrote a letter to Petitioner describing the § 2244(d)(1) limitation period as follows:

> If we do seek post-conviction relief, but are not successful, you may then file a petition for writ of habeas corpus in federal court. There is a one-year time limit for filing a petition for habeas corpus. That one-year time limit started running when the judgment in your criminal case was entered into the trial court register on December 2, 2011. If we file a petition for post-conviction relief, that one-year time would get put on hold until the post-conviction case was over. The one-year federal habeas corpus timer wouldn't start all over after the post-conviction case. Instead, you would have however much time was still remaining at the time that the post-conviction case was started. As of now, the federal habeas corpus timer has been running for ten and a half months. That means that you have a month and a half left on your federal timer.

(ECF No. 28) Exh. 4.

On November 8, 2012, Simrin filed a state PCR petition. As noted, the PCR trial court denied relief, and Petitioner did not prevail on appeal. On April 22, 2016, after the Oregon Supreme denied a petition for review but before the appellate judgment

issued, Simrin wrote Petitioner informing her as such and advising as follows:

> In a few weeks, the Court of Appeals will issue a document called the appellate judgment, which signifies that the appeal process is formally completed. If you wish to seek federal habeas corpus relief, you should contact the federal public defender as soon as possible, because there are strict time limits for getting a habeas corpus case filed.

(ECF No. 28), Exh. 4. The appellate judgment issued on June 3, 2016. Resp. Exh. 132.

Petitioner submits affidavits stating that shortly after the Oregon Court of Appeals issued an affirmance in the state PCR case, Simrin had conversations with Petitioner, her brother, and her mother. (ECF No. 28) Exhs. 1, 2, and 3. In the affidavits, each states that Simrin told them that if the Oregon Supreme Court rejected Petitioner's appeal, Petitioner would have one year from that date to file her federal habeas petition. Also, during the course of conversations among the three, they confirmed with each other that Simrin had told each of them that the deadline was a year from the date the Oregon Supreme Court rejected the appeal.

Petitioner also submits an affidavit from Simrin, who states that he has no memory of verbally advising Petitioner of the one-year limitation period, that tolling of the limitations period needs to be calculated to determine how much of the limitations period remains at any given time in a particular case, how to calculate that tolling, or that anything less than a year of the

limitations period remained in her case at any particular time. (ECF No. 28) Exh. 4. Simrin reviewed his files, and located no notes of conversations with her in which he provided verbal advice regarding the limitations period. Simrin further explained:

> When the federal habeas limitation period has nearly expired in a client's case, it is my general practice to write to the client at the conclusion of state post-conviction proceedings alerting them to how much time is left to file their habeas petition and explaining the tolling calculations which allow me to reach that conclusion. My review of my file confirms that I did not send such a letter to [Petitioner]. Likewise, my file notes do not indicate that I verbally alerted [Petitioner] that the limited time she had left to file a habeas petition was nearly expired. The absence of any note in my file memorializing that I gave such advice verbally confirms to me that I did not advise her about that, nor did I explain to her the tolling calculations leading to that conclusion.

(ECF No. 28) Exh. 4.

Petitioner's brother prepared a federal habeas petition for Petitioner's signature, and sometime in October 2016, Petitioner's mother unsuccessfully attempted to file it with this Court; the Clerk rejected the petition for a reason Petitioner's mother could not recall. Petitioner's mother returned to the courthouse in February 2017, and successfully filed the petition.

Petitioner argues that she is entitled to equitable tolling because Simrin misadvised her as to when the limitation period started to run. She contends that Simrin did more than merely miscalculate the filing deadline, and instead, altogether failed to advise that any calculation was necessary. As discussed above,

however, Simrin advised Petitioner before the state PCR action was initiated of the fact that the habeas limitation period was already running. Moreover, even if Simrin erroneously advised Petitioner and her family that the one-year limitation period would start to run when the Oregon Supreme Court rendered its decision, that alleged advice does not indicate that no calculation was necessary. Instead, the alleged advice incorrectly indicates the date from which to calculate the limitation period, a miscalculation which is not sufficient to warrant equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no right to counsel"); *Maples v Thomas*, 565 U.S. 266, 281 (2012) (restating "that an attorney's negligence, for example, miscalculating a filing deadline, does not provide a basis" for equitable tolling); *Gonzales-Gutierrez v. Nooth*, Case NO. 2:16-cv-01969-MA, 2018 WL 2027732, at *3 (D. Or. April 30, 2018) (where PCR counsel led petitioner to believe that his federal habeas corpus petition would be timely if filed at the conclusion of state PCR proceedings, equitable tolling not warranted).

Further, the circumstances presented by Petitioner do not demonstrate the exercise of reasonable diligence sufficient to warrant equitable tolling. As noted, after the Oregon Supreme Court declined to review the dismissal of petitioner's PCR

9 - OPINION AND ORDER -

petition, but before the appellate judgment issued, Simrin advised petitioner that she should contact a federal public defender "as soon as possible, because there are strict time limits for getting a habeas corpus filed." (ECF No. 28), Exh. 4. Petitioner did not first attempt to file her habeas petition until some six months after this advice, and when the petition was rejected by the clerk, waited a further four months before re-submitting it. Other than re-stating her reliance upon Simrin's alleged verbal advice that she had one year to file the petition, Petitioner provides no further explanation for this delay. Consequently, Petitioner fails to meet the "diligent pursuit" prong of the equitable tolling analysis. See Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) ([t]he diligence prong in Pace requires a petitioner to show he or she engaged in reasonably diligent efforts to file the § 2254 petition throughout the time the limitations period was running); Cornejo v. Lizarraga, Case No. 2:16-cv-2594 KJM AC P, 2018 WL 1567821, at *3 (E.D. Cal. 2018) (petitioner's failure to document any actions taken in pursuit of rights or lack of capacity to take such actions demonstrated lack of reasonable diligence).

Finally, Petitioner asks the Court to conduct an evidentiary hearing if not inclined to grant equitable tolling on the record before the Court. Because the record in this case is sufficiently developed to resolve the issues before the Court, Petitioner's request for an evidentiary hearing is denied. See Rhoades v.

*Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011); *see also Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (in order to merit an evidentiary hearing, a petitioner must first make "sufficient allegations of diligence").

## CONCLUSION

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1) and DISMISSES this case. The Court DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 13th day of August, 2019.

　　　　　　　　　　　　　　　　／s／ Anna J. Brown
　　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　　United States District Judge